# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY C. WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-16-53-D |
| ) | |
| JOE M. ALLBAUGH, Interim Director, ) | |
| Oklahoma Department of ) | |
| Corrections,[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the following reasons, it is recommended that the action be **DISMISSED** without prejudice upon filing, based on Petitioner's failure to exhaust state court remedies. It is further recommended that Petitioner's Motion to Appoint Counsel (ECF No. 2) and Motion for Evidentiary Hearing (ECF No. 3) be **DENIED** as moot.

---

[1] Mr. Wilson is incarcerated at Lawton Correctional Center ("LCC"), a private prison. Because the Oklahoma Department of Corrections ("ODOC") bears responsibility for the custody and supervision of inmates housed in private prisons, Joe. M. Allbaugh, Interim Director of the ODOC, is SUBSTITUTED for Robert Patton, former ODOC Director.

## I. BACKGROUND

Petitioner challenges his 2013 convictions in the District Court of Oklahoma County on one count of Murder in the Second Degree and one count of Causing an Accident while Driving a Vehicle without a Valid Driver's License, Case No. CF-2012-6866. Petitioner pled guilty to both charges on December 9, 2013, and on December 20, 2013, he was sentenced to concurrent life sentences of supervised probation, with the first 25 years to be served in the custody of the Oklahoma Department of Corrections.[2] Petitioner contends he attempted to withdraw his guilty plea at sentencing, but his request was denied. The docket sheet for his criminal case does not reflect this effort. However, it is evident from the docket sheet that Petitioner did not attempt to challenge his conviction by filing an application for post-conviction relief or by filing an appeal of his conviction.

## II. SCREENING REQUIREMENT

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Rule 4, Rules Governing Section 2254 Cases.

## III. EXHAUSTION OF STATE COURT REMEDIES

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners'

---

[2] The Court takes notice of the Docket Sheet for this case that may be found at oscn.net.

2

federal rights." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (*quoting Picard v. Connor*, 404 U.S. 270, 275 (1971)). *See also* 28 U.S.C. § 2254 (b)(1)(A). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a post[-]conviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted). In Oklahoma, the Oklahoma Court of Criminal Appeals (OCCA) is the "highest state court." Before proceeding in a habeas action before this Court, a habeas petitioner must have presented his claims for habeas relief to the OCCA.

In this case, Petitioner has stated no valid reason for his failure to appeal his conviction or seek post-conviction relief. Petitioner states his claims are "constitutional, which are supported by attached 42 USC 1983, complaint, which renders no state remedies which would result frivolous proceeding if filed in state." Petition (ECF No. 1:6). Petitioner references his civil rights case more than once, contending that action gives him "standing to 2254." (ECF 1:6, 9). Petitioner is incorrect. His federal civil rights case is not a substitute for exhausting state court remedies.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** without prejudice for failure to exhaust state court remedies. Further, Petitioner's Motion for Appointment of Counsel **(ECF No. 2)** and Motion for Evidentiary Hearing **(ECF No. 3)** should be **DENIED** as moot.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 10, 2016**. Petitioner is further advised that failure to make timely objection to this Report and Recommendation will constitute waiver of his right to appellate review. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 22, 2016.

_____

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE