IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY C. WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-16-53-D |
| ) | |
| JOE M. ALLBAUGH, Interim Director, ) | |
| Oklahoma Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 9], issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B). Upon initial screening, Judge Erwin recommends that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus be dismissed without prejudice for failure to exhaust state court remedies. Petitioner has filed a timely Objection [Doc. No. 10]. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears *pro se*, seeks to challenge a conviction and sentence imposed by the District Court of Oklahoma County, Oklahoma, in December 2013 upon his plea of guilty to charges of second degree murder and causing an accident with great bodily injury while driving without a valid license. Petitioner now claims his guilty plea was involuntary and he attempted to withdraw it but was denied relief. An attachment to his Petition supports

the allegation that he tried to withdraw his plea; it is a copy of a district court filing in his criminal case before sentencing in December 2013 stating: "I wish to take [back] that plea due to new evidence that was recently brought to eyesight." *See* Petition, attach. 2 [Doc. No. 1-2]. The state court record, however, reflects no attempt by Petitioner to file a direct appeal or to seek post-conviction relief.[1] Accordingly, Judge Erwin finds that Petitioner has not exhausted available state court remedies, that his Petition should be dismissed without prejudice, and that pending motions for appointment of counsel and for an evidentiary hearing should be denied as moot.

In his Objection, Petitioner does not challenge Judge Erwin's statement of the exhaustion requirement nor his finding of a lack of exhaustion. Instead, Petitioner states only that a habeas petition is the proper means to obtain relief, that he attempted to withdraw his guilty plea before sentencing, and that his request for withdrawal was improperly denied. Petitioner also contends he is entitled to appointed counsel and an evidentiary hearing because his "case is so extraordinary involving so may constitutional violations." *See* Objection [Doc. No. 10], p.4 (ECF page numbering).

Upon *de novo* consideration of Petitioner's Objection, which is liberally construed, the Court fully concurs in Judge Erwin's finding that the Petition must be dismissed for

---

[1] In considering a habeas petition, a federal court may properly take judicial notice of facts that are matters of public record in either its own records or records of another court. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds*, *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *see also St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take notice of proceedings in other courts that "have a direct relation to matters at issue").

failure to exhaust state court remedies. "It has been settled since *Ex parte Royall*, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (parallel citation omitted; citing cases). "The exhaustion-of-state-remedies doctrine, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity . . . ." *Id*. (footnote omitted). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Id*. Judge Erwin correctly finds that the exhaustion requirement is not satisfied in this case and that the Petition must be dismissed.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED in its entirety. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED without prejudice to refiling. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel [Doc. No. 2] and Motion for Evidentiary Hearing [Doc. No. 3] are DENIED as moot.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 8th day of March, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE